UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MARYELLEN MATHIS, *et al.*,

    Petitioner,

    v.

GARY FLEMING, *et al.*,

    Respondents.

CASE NO. C06-56-RSL-JPD

ORDER DISMISSING PETITION

    Maryellen Mathis and Michael Howard Hunter have filed a petition for writ of habeas corpus on behalf of Jason R. Walker, challenging Walker's conviction in state court for first-degree child molestation. (Doc. #1). Mathis and Hunter contend that they have standing to file the petition as "next friends" of Walker. They have also filed a motion seeking Walker's release pending consideration of the habeas petition. (Doc. #2). After they filed these initial documents, Mathis filed a renewed motion for Walker's release and a motion to strike Hunter as "next friend." (Doc. #4). Having reviewed the petition, the documents in support thereof, the motions, and the balance of the record, the Court does hereby find and ORDER as follows:

    (1) In order to establish next-friend standing, the putative next friend must show: (i) that the petitioner is unable to litigate his own cause due to mental incapacity, lack of access to court, or other similar disability; and (ii) the next friend has some significant relationship with, and is truly dedicated to the best interests of, the petitioner. *Whitmore v. Arkansas*, 495 U.S. 149, 163-64 (1990); *Massie v. Woodford*, 244 F.3d 1192, 1194 (9th Cir. 2001). Here, Mathis and Hunter

ORDER DISMISSING HABEAS PETITION
PAGE – 1

contend that they are, respectively, the mother and uncle of Walker. (Doc. #1 at 2). It appears that this assertion satisfies the second prong of the test for "next friend" status. However, as described below, Mathis and Hunter fail to satisfy the first prong.

Mathis and Hunter assert that petitioner is unable to litigate his own cause due to mental incapacity. But they fail to support this claim with any evidence, other than their own affidavits. (Doc. #3, #4). The court notes that Hunter filed a petition with the court in September, 2005, in which he asserted that *he himself* was mentally incompetent and needed an attorney to represent him.[1] (Doc. #9 in Case No. MS05-149). In addition, Mathis' affidavit contains only her own assertions that her son is unable to represent himself because he "is undergoing psychiatric treatment." (Doc. #4 at 14). Thus, the affidavits of Hunter and Mathis do not present any independent, objective evidence that Walker is unable to litigate his own cause due to mental incapacity. They are therefore insufficient to satisfy the first prong of the test for "next friend" status.

Accordingly, Mathis and Hunter have failed to show that they qualify for "next friend" status. The petition for a writ of habeas corpus (Doc. #1) is consequently DISMISSED without prejudice for lack of standing. The pending motions for release (Doc. #2, #4) are similarly DISMISSED without prejudice.

(2) The Clerk shall send copies of this Order to Mathis, Hunter, and petitioner, and to U.S. Magistrate Judge James P. Donohue.

DATED this 20th day of January, 2006.

*Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

---

[1] In addition, the Court notes that Hunter has been a party in approximately 40 actions in this district. In 1990, after finding that Hunter was "placing a great burden on the Court by reason of the large number of frivolous and/or malicious filings," the Honorable John C. Coughenour ruled that Hunter must show "good cause" before being permitted to proceed *in forma pauperis* in future cases. *See Hunter v. Aldridge*, Case No. C90-616C (Doc. 7.)

ORDER DISMISSING HABEAS PETITION
PAGE – 2

1
2  Recommended for Entry
   this <u>19th</u> day of January, 2006.
3
4  <u>/s/  JAMES P. DONOHUE</u>
   United States Magistrate Judge
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

ORDER DISMISSING HABEAS PETITION
PAGE – 3